**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BENJAMIN HAYAMS,**

        **Plaintiff,**

**-vs-**                                            **Case No.   6:08-cv-13-Orl-22DAB**

**U.S. CENTRAL FLORIDA**
**CONTRACTORS, INC. and ESMELIN**
**MENDOZA,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANT U.S. CENTRAL FLORIDA CONTRACTORS, INC. (Doc. No. 25)**
>
> **FILED:** **October 28, 2008**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff sued Defendants U.S. Central Florida Contractors, Inc. and Esmilin Mendoza for unpaid overtime wages and violation of the minimum wage provision, as well as attorney's fees and costs, pursuant to the Fair Labor Standards Act (29 U.S.C.A. § 201, *et seq.,* herein "the FLSA")[1]. Doc.

---

[1] Plaintiff is voluntarily abandoning Count II (breach of contract) of his Complaint.  Doc. No. 25.

No. 1. Following service of process (Doc. No. 8) on May 3, 2008, Defendant U.S. Central Florida Contractors, Inc. failed to appear and Plaintiff moved for entry of a clerk's default (Doc. No. 19) on July 28, 2008; default was entered on July 28, 2008. Doc. No. 20. Although Defendant Mendoza initially filed an answer, on September 17, 2008, he was ordered to show cause within 11 days why sanctions (including default) should not be imposed for failure to comply with Courts orders; Mendoza failed to respond, and the mail to him from the Clerk's office was returned as undeliverable on September 23, 2008. Doc. No. 22. Thus, default against Mendoza is warranted. Plaintiff moves for a default judgment for wages owed, fees and costs incurred, and has filed supporting Affidavits (Doc. No. 25); the matter is now ripe for resolution.

The Court finds that Defendants' failure to timely respond to the Complaint or Court orders and subsequent defaults serve to admit the well pled allegations of the Complaint. Plaintiff was employed by Defendants from July 13 to July 28, 2007 as a laborer. Doc. No. 16. Defendant Esmelin Mendoza was an owner and officers of U.S. Central Florida Contractors, Inc., who acted in the corporation's interest and constitutes a statutory employers under 29 U.S.C. § 203(d). Doc. No. 1.

Under the FLSA, an employer must pay one and one-half times the employee's regular rate for all hours worked in excess of forty hours per work week. 29 U.S.C. § 207(a). During his employment, Plaintiff's was not paid at all; however, he was entitled to 81 hours of unpaid wages calculated at the minimum rate wage of $5.85 per hour, for a total of $473.85. Doc. No. 25-2. As Defendants have defaulted, the Court finds that Plaintiff is entitled to the entry of judgment on the issue of liability for overtime and unpaid wages in the amount of $473.85 and liquidated damages of an equal amount for willful failure to comply with FLSA, for a total of $947.70.

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.").  As the mandatory language of the Act says "in addition to any judgment", it is clear to this Court that a prevailing plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the recovery.  This is in keeping with the legislative history of the Act, which reflects Congress' desire to protect workers and discourage unscrupulous employers."

Plaintiff seeks to recover $2,004.00 for attorney's fees and $467.50 for costs.  Plaintiff's counsel avers that he spent 6.3 hours of time prosecuting this matter, at an hourly rate of $300.00 per hour; and his paralegal spent 1.2 hours at a rate of $95 per hour.  Doc. No. 25-3.  Counsel has presented an itemized list of the services provide by his firm, and the time spent by attorneys and the paralegal appears reasonable for the tasks completed.  *Id.*  The Court finds $250.00 per hour for attorney work and $95.00 per hour for paralegal work in this simple default to be a reasonable rate in this FLSA case.  "Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness." *Farrar v. Hobby,* 506 U.S. 103, 115 (1992).

In view of all of the foregoing, it is **respectfully recommended** that final judgment be entered in Plaintiff's favor against Defendants U.S. Central Florida Contractors, Inc. and Esmelin Mendoza

in the amount of **$947.70** in damages, **$1,689.00** in attorney's fees, and **$ 467.50** in costs (filing fee and service of process charge).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 1, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy